J-S65019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENISE ALEXANDER | |
| Appellant | No. 3513 EDA 2013 |

Appeal from the Judgment of Sentence June 25, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1114766-2008

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 25, 2014**

Appellant, Denise Alexander, appeals from the judgment of sentence entered on June 25, 2013, as made final by the denial of Appellant's post-sentence motion on June 26, 2013.  We affirm.

The trial court ably explained the underlying facts of this case as follows:

> On May 13, 2013, Appellant [entered a plea of *nolo contendere* to charges of] aggravated assault, [criminal] conspiracy, and endangering the welfare of a child[1]. . . .  [The Commonwealth alleged that, in] November 2006, [N.L.] was a [five-year-old] foster child[, who was] placed with Appellant and [Appellant's] co-defendant, John Carter, at 6249 Cottage Street in the City and County of Philadelphia.  At a certain point, [N.L.] was put in "time-out" for violating the house rules.  While in time-out, [N.L.]

---

[1] 18 Pa.C.S.A. §§ 2702(a), 903(a), and 4304(a), respectively.

*Retired Senior Judge assigned to the Superior Court.

urinated himself. Appellant and Mr. Carter then brought [N.L.] to the bathtub. While Mr. Carter held the boy, Appellant turned on scalding hot water in the shower. The water pooled around [N.L.'s] feet, causing second degree burns and causing the skin to peel off of [N.L.'s] feet. Due to his injuries, [N.L.] had to undergo physical therapy in order to walk again. [N.L.] also had wounds on his back that were consistent with having been whipped with an extension cord. [N.L.] told the Commonwealth that the injuries were caused by Appellant and Mr. Carter.

Trial Court Opinion, 4/16/14, at 1-2 (internal citations omitted).

On June 25, 2013, the trial court sentenced Appellant to an aggregate term of three to six years in prison for the above convictions. N.T. Sentencing, 6/25/13, at 17-18.

Appellant filed a timely post-sentence motion, wherein Appellant claimed that her sentence was excessive because she "accepted responsibility and [pleaded] no contest"[2] and because Appellant "has no

_____

[2] We have explained:

a plea of *nolo contendere* does not, by its very nature, require the pleading defendant to concede his or her guilt. As the United States Supreme Court has held, a plea of *nolo contendere* is "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him as if he were guilty." **North Carolina v. Alford**, 400 U.S. 25, 36 (1970). The [United States] Supreme Court further noted in **Alford** that "[T]he Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence." **Id.** at 36.

**Commonwealth v. Lewis**, 791 A.2d 1227, 1234 (Pa. Super. 2002).

- 2 -

prior convictions and has a prior record score of zero." Appellant's Post-Sentence Motion, 6/26/13, at 1-2. Appellant requested that the trial court vacate her sentence and re-sentence her to a lesser term of imprisonment. *Id.*

The trial court denied Appellant's post-sentence motion on June 26, 2013 and Appellant filed a timely notice of appeal. Appellant now raises the following claims to this Court:[3]

> 1. Did not the [trial] court abuse its discretion when it failed to consider Appellant's history of mental illness in determining Appellant's sentence in violation of Pennsylvania's individualized sentencing requirement and imposed a manifestly excessive and clearly unreasonable sentence?
>
> 2. Did not the sentencing court abuse its discretion by not properly applying Appellant's *nolo* [*contendere*] plea to aggravated assault, conspiracy, and endangering the welfare of a child as a mitigating factor?

Appellant's Brief at 4.

Appellant's challenges are to the discretionary aspects of her sentence. We note that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super.

---

[3] The trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied with the order and, within her Rule 1925(b) statement, Appellant listed the claims she currently raises on appeal.

2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of her sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of her sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant's first claim on appeal contends that, at sentencing, the trial court "failed to consider Appellant's history of mental illness." Appellant's Brief at 4. This claim is waived, as Appellant did not raise this discretionary aspect of sentencing claim during her sentencing hearing or in her post-sentence motion. *See* Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); ***see also Commonwealth v.***

- 4 -

*Sherwood*, 982 A.2d 483, 494 (Pa. 2009) (holding "that inclusion of an issue in a [Rule] 1925(b) statement that has not been previously preserved does not entitle [the] litigant to appellate review of the unpreserved claim").

For Appellant's second and final claim on appeal, Appellant contends that the trial court "failed to adequately consider Appellant's *nolo* [*contendere*] plea as a mitigating factor" at sentencing. Appellant's Brief at 9. Appellant preserved this claim by filing a timely notice of appeal, presenting the claim in her post-sentence motion, and including the claim in her Rule 2119(f) statement. Nevertheless, the claim does not raise a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Cook*, 941 A.2d at 11. Therefore, we may not reach the merits of the claim.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Moreover, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. *Goggins*, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons

for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** at 727 (internal emphasis omitted).

In her Rule 2119(f) statement, Appellant claims that, at sentencing, the trial court abused its discretion by "fail[ing] to adequately consider Appellant's *nolo* [*contendere*] plea as a mitigating factor." Appellant's Brief at 9. In the case at bar, however, Appellant was sentenced in the standard range of the sentencing guidelines.[4] As such, Appellant's claim – that the trial court "failed to consider" a certain mitigating factor – does not raise a substantial question that her sentence is inappropriate under the Sentencing Code. ***See Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa. Super. 2003) ("an allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question"); ***see Commonwealth v. Dunphy***, 20 A.3d 1215, 1222 (Pa. Super. 2011) ("[a]n allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors does not raise a substantial question that the sentence was inappropriate"), *quoting* ***McKiel***, 629 A.2d at 1013; ***see also Commonwealth v. Felmlee***, 828 A.2d 1105, 1106 (Pa. Super. 2003) (a claim that the trial court "erred by imposing an **aggravated range** sentence

---

[4] Certainly, as the trial court noted, Appellant was sentenced at the bottom of the standard range of the sentencing guidelines. **See** Trial Court Opinion, 4/16/14, at 2-3.

without consideration of mitigating circumstances raises a substantial question") (emphasis added). Therefore, we may not reach the merits of Appellant's claim.[5]

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014

---

[5] Further, even if Appellant's claim did raise a substantial question, the claim would fail on its merits, as the trial court indeed determined that Appellant's plea of *nolo contendere* was a mitigating factor at sentencing. However, the trial court determined that the plea did not entitle Appellant to a lesser sentence than the one she received. ***See*** N.T. Sentencing, 6/25/13, at 17-18 (the trial court informed Appellant: "I understand that you plead[ed *nolo contendere*] and I keep looking for a reason to mitigate. . . . I cannot in good faith mitigate as far as your client would wish. . . . Putting a child[] in a bathtub that he is so badly burned he has to relearn how to walk, it defies imagination. I cannot mitigate. Because you did plead [*nolo contendere*], it will be [three] to [six] years . . .").