629 A.2d 1012

**COMMONWEALTH of Pennsylvania**

**v.**

**Mark Francis McKIEL, Appellant.**

Superior Court of Pennsylvania.

Submitted July 6, 1993.

Filed Aug. 13, 1993.

562

Dianne M. Dickson, Allentown, for appellant.

Gary F. Dobias, Dist. Atty., Jim Thorpe, for Com., appellee.

Before CIRILLO, OLSZEWSKI and BROSKY, JJ.

OLSZEWSKI, Judge.

Mark Francis McKiel appeals from the judgment of sentence entered against him on December 28, 1992. After pleading guilty to one count of burglary, McKiel was sentenced to a term of imprisonment of 48–to–96 months. McKiel was also ordered to pay restitution in an amount to be determined by the probation department. McKiel's request for reconsideration of sentence was denied. We affirm in part and vacate in part.

■ McKiel's first claim on appeal is that the sentencing court erred by ordering restitution without considering his ability to pay restitution. *See Commonwealth v. Galloway*, 302 Pa.Super. 145, 161, 448 A.2d 568, 577 (1982) (trial court "must determine the damage the defendant has caused, what amount of restitution he can afford to pay and how he should pay it"). Although McKiel's request for reconsideration of the imposition of restitution was denied, the sentencing court now concedes that this was error. Trial court opinion at 1. Accordingly, we remand for resentencing on the issue of restitution.

■ In his second argument, McKiel claims that the sentencing court failed to properly weigh the factors to be considered at sentencing by placing too much emphasis on the impact of the offense on the victim, with little or no consideration to his rehabilitative needs. Specifically, he argues that the court did not adequately consider the fact that he was gainfully employed, was pursuing an education, had cooperated with police in the recovery of the items stolen, and had made substantial efforts at rehabilitation. In light of these circumstances, he claims that his sentence was manifestly excessive. Because McKiel's claim falls within the sentencing court's discretion, we must initially determine if he has complied with the rules governing the right to appeal from the discretionary aspects of a sentence. The right to such an appeal is not absolute and such a challenge is considered to be

a petition for permission to appeal. *Commonwealth v. Ennis*, 394 Pa.Super. 1, 574 A.2d 1116 (1990).

Before we may address the merits of an issue raised on appeal, appellant must demonstrate that a substantial question exists as to whether the sentence imposed is appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); *Commonwealth v. Mobley*, 399 Pa.Super. 108, 581 A.2d 949 (1990). Appellant must advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Losch*, 369 Pa.Super. 192, 200, 535 A.2d 115, 119 (1987). After examining McKiel's claim, we conclude that he has failed to meet this initial burden.

■ First, since McKiel's sentence falls within the statutory guidelines and limits established for the crime committed,[1] his claim that the sentence was excessive fails to raise a substantial question. *Commonwealth v. Dungan*, 372 Pa.Super. 323, 539 A.2d 817 (1988). Second, McKiel contends that the sentencing court focused on the victim and failed to consider the particular circumstances of his case. An allegation that the sentencing court "failed to consider" or "did not adequately consider" various factors does not raise a substantial question that the sentence was inappropriate. *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989) (*en banc*); *Commonwealth v. Minott*, 395 Pa.Super. 552, 554, 577 A.2d 928, 929 (1990). Such a challenge goes to the weight accorded to sentencing factors and will not be considered absent extraordinary circumstances. *Commonwealth v. Osteem*, 381 Pa.Super. 120, 552 A.2d 1124 (1988); *Commonwealth v. Devers*, 519 Pa. 88, 100, 546 A.2d 12, 18 (1988). Accordingly, we do not find that a substantial issue exists regarding the discretionary aspects of the sentence imposed by the trial

1. McKiel's prior record score was six and the offense gravity score for burglary was six. His sentence of 48–to–96 months was therefore in the standard range of the Sentencing Guidelines.

court and need not entertain McKiel's appeal. *Williams, supra.*

■ Assuming, *arguendo,* that McKiel's contentions present an appealable issue, we still find them to be without merit. Sentencing matters are vested in the sound discretion of the sentencing judge. A sentence will not be disturbed on appeal absent a manifest abuse of discretion:

> To be a manifest abuse of discretion, a sentence must either exceed the statutory limits or be manifestly excessive. The discretion of a sentencing judge must be accorded great weight because he is in the best position to weigh such factors as the nature of the crime, the defendant's character, and the defendant's displays of remorse, defiance, or indifference.

*Minott,* at 554, 577 A.2d at 929 (citations omitted).

We find no such abuse of discretion in this case. The sentencing judge had the benefit of a pre-sentence investigation report. A pre-sentence report which is prepared for the court prior to sentencing provides sufficient background information upon which the sentence may be based. *Mobley,* at 114, 581 A.2d at 952. Our Supreme Court has held that where a pre-sentence report exists, we shall "presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors." *Devers,* at 101–102, 546 A.2d at 18. Moreover, "[a] pre-sentence report constitutes the record and speaks for itself.... Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." *Id.* Additionally, a review of the record reveals that the sentencing court set forth detailed reasons for the imposition of sentence and carefully considered the particular circumstances of McKiel's case.[2] *See* N.T. 12/28/92 at 62–67. We therefore find that McKiel did not receive a manifestly excessive punishment.

---

2. We note that the sentencing court considered imposing a sentence in the aggravated range on the basis that McKiel is a threat to society since he was on probation at the time the offense was committed, had

Judgment of sentence is therefore vacated in part and affirmed in part. Case remanded for resentencing on the issue of restitution. Jurisdiction relinquished.

BROSKY, J., concurs in the result.

several prior convictions, and committed the offense with the expertise of a career criminal. N.T. 12/28/92 at 66.