J-S28035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DESTRY ARYN CAVADA | |
| Appellant | No. 1934 MDA 2014 |

Appeal from the Judgment of Sentence September 24, 2014
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000101-2014

*****

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DESTRY ARYN CAVADA | |
| Appellant | No. 1935 MDA 2014 |

Appeal from the Judgment of Sentence September 24, 2014
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000102-2014

*****

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DESTRY ARYN CAVADA | |
| Appellant | No. 1936 MDA 2014 |

J-S28035-15

Appeal from the Judgment of Sentence September 4, 2014
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000108-2014

BEFORE:  BOWES, J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 10, 2015**

Destry Aryn Cavada appeals from his judgment of sentence of 1 to 10 years' incarceration imposed by the Court of Common Pleas of Union County. Cavada entered an open guilty plea to three separate counts of retail theft.[1] The court sentenced him to two consecutive terms of imprisonment of 6 months to 5 years on two counts. The court also sentenced Cavada on the remaining count to an additional concurrent term of imprisonment of 6 months to 5 years. On appeal, Cavada claims the court erred in sentencing him to a consecutive term on one of the retail theft convictions. Upon review, we affirm Cavada's judgment of sentence.

The trial court set forth the factual and procedural history of these cases as follows:

> On April 29, 2014, the Commonwealth filed three separate [Informations] against [Cavada], one to each of the above captioned cases. Each information was a one count Information charging [Cavada] with the crime of retail theft, a misdemeanor in the first degree. On July 16, 2014, [Cavada] entered guilty pleas to the one count [Informations]. The Plea Agreement as indicated on the colloquy indicated that the Commonwealth did not object to concurrent sentences but that the aggregate sentences should be consecutive to any other sentences

---

[1] 18 Pa.C.S. § 3929(a)(1).

- 2 -

[Cavada] has been serving at the time. There was no agreement that the sentences be concurrent or consecutive however. At the guilty plea hearing, the Court confirmed that [Cavada] understood his plea agreement . . . The aggregate sentence to which [Cavada] was sentenced was twelve months to ten years with a Recidivism Risk Reduction Incentive (RRRI) sentence of nine months. Two of the sentences were consecutive to each other and one was concurrent to the other sentences.

Trial Court Opinion, 1/2/15, at 1-2.

Cavada filed a timely post-sentence motion requesting the trial court modify the sentence and make all the sentences concurrent with each other. The trial court denied the petition. Specifically, the court indicated that the sentences were consistent with the plea agreement, that they were in the standard-range of the Sentencing Guidelines and that Cavada was not amenable to county supervision in that his county parole on other crimes had previously been revoked on five different occasions. *Id.* at 2.

As indicated in Cavada's Pre-Sentence Investigation report (PSI), he has had an almost uninterrupted period of criminal behavior for over nine years. Cavada's offenses indicated substance abuse issues, crimes of dishonesty, and felonies.[2] Additionally, Cavada's PSI shows a pattern of disregard of conditions of court orders and conditions of parole and probation supervision. **See** Pre-Sentence Investigation Report, at 3-7.

_____

[2] Felonies include criminal trespass, burglary, manufacturing with intent to deliver a controlled substance (two counts), criminal use of a facility, and robbery.

Cavada's allegation that his sentence was excessive due to it being consecutive is a challenge to the discretionary aspect of his sentence, which is not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke the Court's jurisdiction by satisfying a four-part test. *Commonwealth v. Prisk*, 13 A.3d 526 (Pa. Super. 2011).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id.* at 532, citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Judicial review of the discretionary aspects of a sentence is granted only upon a showing that there is a substantial question that the sentence was inappropriate and contrary to the fundamental norms underlying the Sentencing Code. *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc). This argument addresses the discretionary aspects of sentence. *See*

*Commonwealth v. McKiel,* 629 A.2d 1012 (Pa. Super. 1993) (stating that sentence is manifestly excessive challenges sentencing court's discretion).

Cavada does not contend that his sentence exceeds the statutory limits. It is the fact that his sentence is to run consecutively to the others imposed for non-violent theft offenses that, in Cavada's view, makes the sentence excessive. Cavada asserts that the sentences imposed result only in a delay of much needed treatment, and that such treatment would likely had been accelerated had he received totally concurrent county sentences. *See* Appellant's brief at 13.

It is well established that a sentencing court's failure to consider mitigating factors raises a substantial question. *See Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003). However, a sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question. *Commonwealth v. Pass*, 314 A.2d 442, 446-47 (Pa. Super. 2006).

We are mindful, however, that "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010). An appellant making an excessiveness claim raises a substantial question when

he "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or particular fundamental norm underlying the sentencing process." **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002). Applying **Mouzon**, this Court has held that an excessive sentence claim, in conjunction with an assertion that the court failed to consider mitigating factors, raises a substantial question. **Commonwealth v. Perry**, 883 A.2d 599, 602 (Pa. Super. 2005). Because we interpret Cavada's arguments as raising substantial questions under both **Felmlee** and **Mastromarino**, we grant Cavada's petition for allowance of appeal and consider the merits of his claim.

Our standard of review in this context is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §§9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) The sentencing court purported to sentence within the sentencing guidelines erroneously;

(2) The sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) The sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable. In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781 (c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Raven***, 97 A.3d 1253-55 (Pa. Super. 2014).

Instantly, Cavada's sentence falls within the strictures of our sentencing guidelines. He, therefore, must demonstrate that the application of those guidelines would be clearly unreasonable. 42 Pa.C.S. § 9781(c)(2). Cavada submits that the sentencing court did not weigh the nature and circumstances of his crimes, or his mitigating history and characteristics. To this end, Cavada argues that the sentencing court disregarded his need for drug treatment therapy, as well as the non-violent nature of his crimes.

Here, Cavada has failed to articulate why imposing a consecutive sentence for his offenses is unduly harsh beyond his own preference for drug treatment and insistence that because his offenses were non-violent, he

should have received a concurrent sentence. We see no reason why Cavada should be afforded a "volume discount" for his crimes by having all sentences run concurrently. ***Commonwealth v. Anderson***, 650 A.2d 20, 22 (Pa. 1994) (raising concern that defendants not be given "volume discounts" for multiple criminal acts that arose out of one larger criminal transaction).

Despite Cavada's assertions to the contrary, the sentencing court was unquestionably aware of his background and rehabilitative needs. The court stated:

> I agree with you, Mr. Cavada, you need help; but it's help beyond which Union County can provide to you. You have demonstrated you are not amenable to county supervision by multiple revocations and continuing a pattern of criminal behavior since 2005. Hopefully, with the state programming, you can get the assistance you need. [Although] he hasn't been convicted of the delivery of drugs or the robbery, given that those are pending, and his prior record of corruption of minors, criminal trespass, burglary, alcohol offenses, and drug offenses, this is something that's more appropriate for a state programing.

Sentencing Hearing, 11/19/14, at 5-7.

Based upon all of this evidence, the court imposed a consecutive standard-range sentence for one of the offenses. The gist of Cavada's argument is not that the court failed to consider the pertinent sentencing factors, but rather that the court weighed those factors in a manner inconsistent with his wishes. Accordingly, we conclude that the record supports the sentencing court's reasoning and we find no abuse of discretion. The sentence imposed for each of Cavada's offenses was within

the standard range of the sentencing guidelines, and the record reflects that the court carefully considered all the evidence presented at the sentencing hearing. As such, we discern no abuse of discretion, nor can we conclude that the sentencing court arrived at a manifestly unreasonable decision. *See Shugars*, 895 A.2d at 1275.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015