J-S11006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL LINEBURG, | |
| Appellant | No. 113 WDA 2016 |

Appeal from the Judgment of Sentence September 30, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001722-12
and CP-02-CR-0013718-2013

BEFORE:  OLSON and RANSOM, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:          **FILED MARCH 17, 2017**

Appellant, Michael Lineburg, appeals from the judgment of sentence entered on September 30, 2015, as made final by the order entered on January 6, 2016, which denied Appellant's post-sentence motion.  We affirm.

On July 14, 2015, Appellant pleaded guilty at docket number CP-02-CR-0001722-2012 to aggravated assault, firearms not to be carried without a license, possession of a firearm by a prohibited person, possession of a firearm by a minor, and recklessly endangering another person; Appellant also pleaded guilty at docket number CP-02-CR-0013718-2013 to

*Former Justice specially assigned to the Superior Court.

aggravated assault.[1]    During the guilty plea hearing, the Commonwealth

summarized the factual basis for Appellant's plea:

> [At docket number CP-02-CR-0001722-2012,] the Commonwealth would have called as witnesses Detective Tim Rush as well as others in addition to Kimberly Wade and Officer Achille.  They would have testified that on the 4th of August 2011 [at approximately 10:16 p.m.,] City of Pittsburgh [Police] officers were called to 2121 Koerner Avenue on the North Side for a person shot.  On arrival[,] they located one Kimberly Wade who had been shot once in the abdomen and grazed one time on the right side of her torso.    Ms. Wade was transported to Allegheny General Hospital in critical condition and upgraded to serious condition by a doctor at the hospital.  [Appellant] was later apprehended carrying a firearm that matched shell casings found at the scene.    [Appellant] was interviewed by Detective Tim Rush and gave a confession indicating he had fired multiple rounds emptying his clip in the general direction at Kimberly Wade while she was located on the front porch of her residence.  That firearm was test-fired by the Allegheny County Crime Lab, found to be in good operating condition.  And it was a nine millimeter caliber Taurus pistol. . . .   In addition, [Appellant] did not have a valid license to carry a firearm and had been prior adjudicated delinquent for person not to possess by virtue of . . . possession of a firearm by a minor. . . .
>
> [At docket number CP-02-CR-0013718-2013, the] Commonwealth would have called as witnesses Detective Dale Canofari as well as Detective Hal Bolin and Elijah David . . . as well as others.  They would have testified [that, on] June 11, 2013, at approximately [12:50 a.m.,] officers responded to 109 Rhine Place for a man shot.  Upon arrival[,] officers found victim Elijah David [lying] in front of 109 Rhine Place with numerous gunshot wounds.  He was transported to Allegheny General Hospital emergency room

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 6106(a)(1), 6105(a)(1), 6110.1, 2708, and 2701(a)(1), respectively.

. . . in critical condition. Detectives spoke with Elijah David. He indicated that he had been shot multiple times by [Appellant]. He was struck five times during the incident in his extremities and back area. He identified [Appellant] through a series of photo arrays and identified him as the [individual] who shot him.

N.T. Guilty Plea Hearing, 7/14/15, at 6-8.

On September 30, 2015, the trial court sentenced Appellant to serve an aggregate term of 12-and-a-half to 25 years in prison, followed by five years of probation, for his convictions. Appellant's aggregate sentence included a term of 90 to 180 months in prison for aggravated assault at docket number CP-02-CR-0013718-2013 and a consecutive term of 60 to 120 months in prison for aggravated assault at docket number CP-02-CR-0001722-2012; the former aggravated assault sentence fell within the standard guideline range and the latter aggravated assault sentence fell within the mitigated guideline range. N.T. Sentencing Hearing, 9/30/15, at 19.

On December 8, 2015, Appellant filed a counseled Post Conviction Relief Act ("PCRA") petition, seeking the reinstatement of his post-sentence and direct appeal rights. *See* Appellant's PCRA Petition, 12/8/15, at 1. The PCRA court granted Appellant's petition and Appellant filed a timely post-sentence motion. Within Appellant's post-sentence motion, Appellant claimed:

Although his sentence is within the statutory limits, and in fact the periods of incarceration imposed are in the standard [sic] range, the sentence imposed was manifestly excessive, unreasonable, and an abuse of discretion for the following

reasons:    (1) the trial court sentenced him without providing sufficient reasons for the sentence imposed[;] (2) the trial court failed to give careful consideration to all relevant factors, specifically, the court did not review the presentence investigation (PSI) report[; and,] (3) the court cited no reasons for imposing the periods of incarceration consecutive to one another, and the maximum sentence of 12 ½ to 25 years' imprisonment imposed was excessive.

There were pertinent factors in this case that made the imposition of the two standard [sic] range sentences unreasonable.   There is no indication that the court considered [Appellant's] willingness to take responsibility for his actions by entering a guilty plea; [Appellant's] expression of remorse at his sentencing proceedings; and other mitigating factors.

Additionally, [Appellant] asserts that the sentencing court abused its discretion in not running the sentences concurrent to one another instead of consecutively. . . .

[The trial court's] imposition of a sentence of not less than 12 ½ years and not greater than 25 years' imprisonment is inconsistent with specific provisions of the Sentencing Code, and is contrary to the fundamental norms underlying the Code.

Appellant's Supplemental Post-Sentence Motion, 12/21/15, at 3-4.

The trial court denied Appellant's post-sentence motion on January 6, 2016 and Appellant filed a timely notice of appeal.  Appellant presents one claim on appeal:

Did the trial court abuse its discretion in sentencing [Appellant] to two consecutive standard range sentences totaling 12 ½ to 25 years' imprisonment where the court did not consider all relevant sentencing code factors; did not review the presentence report; did not consider [Appellant's] willingness to take responsibility for his actions by pleading guilty, and his sincere expression of remorse; and did not give any reasons for imposing consecutive rather than concurrent terms in fashioning a sentence.

- 4 -

Appellant's Brief at 7 (internal bolding and some internal capitalization omitted).

Appellant's claim on appeal is a challenge to the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant filed a timely post-sentence motion and notice of appeal. Moreover, within Appellant's post-sentence motion, Appellant claimed that the trial court abused its discretion at sentencing because the trial court: 1) "sentenced him without providing sufficient reasons for the sentence imposed;" 2) "failed to give careful consideration to

all relevant factors, specifically, the court did not review the presentence investigation (PSI) report;" 3) "cited no reasons for imposing the periods of incarceration consecutive to one another;" and, 4) did not consider Appellant's "willingness to take responsibility for his actions by entering a guilty plea [or Appellant's] expression of remorse at his sentencing proceedings." Appellant's Supplemental Post-Sentence Motion, 12/21/15, at 3-4.

On appeal, Appellant repeats the third and fourth numbered sub-claims listed above. **See** Appellant's Brief at 15-21. With respect to the first numbered sub-claim (that the trial court "sentenced him without providing sufficient reasons for the sentence imposed"), Appellant has not expounded upon this claim outside of the contention that the trial court "cited no reasons for imposing the periods of incarceration consecutive to one another." **Id.** Therefore, since Appellant's first sub-claim is subsumed in the third, we will not independently analyze Appellant's first numbered sub-claim. Further, on appeal, Appellant has abandoned his claim that the trial court "did not review the presentence investigation [] report" and Appellant claims, instead, that the trial court failed to consider his "background, particularly his history of mental illness and physical abuse." Appellant's Brief at 20. The claim Appellant raises on appeal is waived, as Appellant failed to raise the claim in his post-sentence motion. Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

We will now determine whether the claims Appellant preserved – that the trial court "cited no reasons for imposing the periods of incarceration consecutive to one another" and did not consider Appellant's "willingness to take responsibility for his actions by entering a guilty plea [or Appellant's] expression of remorse at his sentencing proceedings" – present a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." ***Cook***, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McKiel***, 629 A.2d 1012, 1013 (Pa. Super. 1993); ***Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Moreover, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. ***Goggins***, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** at 727 (internal emphasis omitted).

The trial court in this case sentenced Appellant in the standard sentencing range for one aggravated assault conviction and in the mitigated

sentencing range for the second aggravated assault conviction; the trial court then ordered that Appellant serve the two sentences for aggravated assault consecutively. On appeal, Appellant claims that the trial court erred because it "cited no reasons for imposing the periods of incarceration consecutive to one another." Appellant's Brief at 20. This Court has held that such a claim raises substantial question under the Sentencing Code. ***Commonwealth v. L.N.***, 787 A.2d 1064, 1071-1072 (Pa. Super. 2001) (holding the defendant's claim that the trial court "failed to properly articulate reasons for imposing consecutive sentences" raised a substantial question). Therefore, we may reach the merits of Appellant's claim.

However, Appellant's claim on appeal immediately fails because the trial court, in fact, fully and properly explained why it imposed consecutive sentences in this case. As the trial court explained during the sentencing hearing:

> [Trial Court:] Here is the thing. I tend to agree with the victim's mother and the victim's grandmother. This is a horrific crime. But by the grace of God this isn't a murder case where your client is looking at life in prison for first degree murder. . . . It is a miracle that the one victim is alive. I know you saved us the cost of a trial and that, but still at the same time this is the kind of conduct that kind of scares me that if he gets back on the street too soon, it is going to happen all over again and I am going to have another victim's family in front of me complaining that this is happening again.
>
> These were two separate incidents, or is this one incident with two victims?

[The Commonwealth:] Two separate case[s]. As I indicated, he did the one case, he was placed in Vision Quest. After he shot Kimberly Wade, he was placed in Vision Quest. He escaped, absconded from Vision Quest, and he gets a gun and puts Elijah David in a wheelchair.

. . .

[Trial Court:] Given the nature of the crimes as bad as they were, in the case ending in 13718 I am going to give you a standard range sentence, 90 to 180 months, on the original count two. On the other case, the case ending in 1772, I am going to give him slightly in the mitigated 60 to 120, but I will run those consecutive rather than concurrent given the nature of these acts. . . .

N.T. Sentencing Hearing, 9/30/15, at 18-19.

Further, as the trial court explained in its opinion to this Court, the trial court "ordered, reviewed, and considered" Appellant's presentence investigation report prior to imposing Appellant's sentence. Trial Court Opinion, 7/14/16, at 7; *see also Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013) ("[w]hen a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence").

It is clear from the above that, at the sentencing hearing, the trial court fully explained why "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" required

consecutive sentences in this case. ***See*** 42 Pa.C.S.A. § 9721(b). Appellant's claim to the contrary fails.

Finally, Appellant claims that, at sentencing, the trial court "failed to consider" the following two mitigating factors: Appellant's "willingness to take responsibility for his actions by entering a guilty plea" and Appellant's "expression of remorse at his sentencing proceedings." ***See*** Appellant's Brief at 20. Appellant's claim does not raise a substantial question under the Sentencing Code. ***See Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa. Super. 2003) ("an allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question"); ***see Commonwealth v. Dunphy***, 20 A.3d 1215, 1222 (Pa. Super. 2011) ("[a]n allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors does not raise a substantial question that the sentence was inappropriate"), *quoting* ***McKiel***, 629 A.2d at 1013; ***see also Commonwealth v. Felmlee***, 828 A.2d 1105, 1106 (Pa. Super. 2003) (a claim that the trial court "erred by imposing an **aggravated range** sentence without consideration of mitigating circumstances raises a substantial question") (emphasis added). Therefore, we may not reach the merits of Appellant's final claim.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2017