J-A07013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STYLLES J. RUSLING :
:
Appellant : No. 93 EDA 2018

Appeal from the Judgment of Sentence December 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008004-2016

BEFORE: OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED APRIL 12, 2019**

Appellant, Stylles J. Rusling, appeals from the judgment of sentence imposed on December 1, 2017, as made final by the denial of post-sentence motions on December 18, 2017. We affirm.

The factual background of the case is as follows.[1] On July 16, 2016, Appellant was involved in an altercation with the victim, Kevin Twist. Appellant spent the hours leading up to the altercation drinking in Reale's Sports Bar. Appellant worked as a bouncer at the bar, but he was not on duty that night. After exiting the bar, at approximately 8:20 p.m., Appellant

_____

[1] This factual summary is based on the notes of testimony from Appellant's plea hearing on October 3, 2017. At that hearing, the Commonwealth read the facts underlying the plea into the record and then Appellant's plea counsel had the opportunity to add certain facts to that summary. *See*. N.T., 10/3/2017, at 17-31. The entire incident described herein was captured on video and played for the sentencing court prior to Appellant's sentencing hearing.

_____

\* Former Justice specially assigned to the Superior Court.

encountered the victim in the parking lot. The victim was a passenger in a minivan, which was blocking the entrance to the parking lot. The victim, his mother, and his 16-year-old son were in the minivan, waiting for the return of the driver, who was assisting a wheelchair-bound woman into a bingo hall.

Appellant's boss, the manager of the bar, was blocked by the minivan. Appellant approached, gesturing at the minivan and his boss's car, and the victim got out of the minivan. The men argued for about a minute, then the victim walked back to the minivan. Appellant followed the victim back to the minivan and they argued for another minute. Appellant walked to his boss's car and the victim followed. Then, the victim got back into the minivan, but before he could shut the door, Appellant bent down and called him a "clown" and a "pussy." The victim got out of the minivan and punched Appellant in the face twice. Appellant pushed the victim against the minivan and the victim continued to throw punches, causing Appellant to suffer multiple fractures to his nose. Appellant went to his knees and began pulling on the victim's shirt. The victim tried to pull away, and Appellant held on to the bottom of his shirt. At that point, Appellant pulled out a .40 caliber firearm and fired two shots at the victim in quick succession. One shot hit the victim in the arm and the other hit him in the chest. Both Appellant and the victim's mother attempted to stop the bleeding with their shirts. Appellant performed chest compressions on the victim, but he was pronounced dead by paramedics on the scene. A toxicology report indicated that the victim had methamphetamine, cocaine, and PCP in his system.

On October 3, 2017, Appellant pled guilty to voluntary manslaughter[2] and possession of an instrument of crime ("PIC").[3] On December 1, 2017, the sentencing court sentenced Appellant to ten to 20 years' incarceration on the voluntary manslaughter charge and five years' probation on the PIC charge, to be served consecutively. On December 4, 2017, Appellant filed a motion for reconsideration of sentence. On December 18, 2017, the motion was denied without a hearing. This timely appeal followed.[4]

Appellant presents a single issue for our review:

Whether the [sentencing] court abused its discretion in sentencing the [A]ppellant to an unduly harsh and excessive sentence by imposing a sentence that was far outside of the applicable sentencing guidelines?

Appellant's Brief at 4.

In his lone issue, Appellant argues that he received an excessive sentence. This issue challenges the discretionary aspects of his sentence. Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead,

_____

[2] 18 Pa.C.S.A. § 2503(b).

[3] 18 Pa.C.S.A. § 907(a).

[4] On December 27, 2017, Appellant filed a notice of appeal to this Court. On January 10, 2018, the sentencing court issued an order requiring Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The court issued its opinion on April 9, 2018.

Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. ***Id.***

> In order to reach the merits of a discretionary aspects claim,
>
> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his or her issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

***Commonwealth v. Foust***, 180 A.3d 416, 439 (Pa. Super. 2018) (cleaned up). Appellant filed a timely notice of appeal and preserved the issue in his post-sentence motion.[5] Appellant's brief contains the requisite 2119(f) concise statement and, as such, is in compliance with the procedural requirements to challenge the discretionary aspects of his sentence.

Generally, to raise a substantial question an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McKiel***, 629 A.2d 1012, 1013 (Pa. Super. 1993); ***Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). When determining whether an appellant has set forth a substantial question, "[o]ur inquiry must focus on the *reasons* for which the appeal is

---

[5] In his post-sentence motion, Appellant only challenged his sentence for voluntary manslaughter. He did not preserve a challenge to his probationary sentence for PIC.

sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005).

In his 2119(f) statement, Appellant argues that the sentencing court abused its discretion by imposing a sentence outside of the sentencing guidelines without considering certain mitigating factors. Appellant's Brief at 11-13. Thus, Appellant presents a substantial question and we will review his appeal on the merits. ***See Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*)(stating that a substantial question is raised where appellant alleges the sentencing court imposed an aggravated range sentence without adequately considering mitigating circumstances).

> In reviewing a [discretionary] sentencing claim, we are mindful that[ w]e must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. An appellate court will not disturb the lower court's judgment absent a manifest abuse of discretion. In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion.

***Commonwealth v. Miller***, 965 A.2d 276, 277 (Pa. Super. 2009)(internal quotation omitted), *citing* ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000).

Preliminarily, Appellant received a sentence of ten to 20 years' incarceration for voluntary manslaughter. He had a prior record score of zero. With the deadly weapon enhancement, the standard guideline range for voluntary manslaughter is four and one-half to six years, plus or minus one year for an aggravated or mitigated sentence. *See* 204 Pa.C.S.A. § 303.17(b). However, the record reflects that, as part of his plea agreement with the Commonwealth, Appellant consented to a sentence of not less than six years' imprisonment. At Appellant's plea hearing, the court confirmed that Appellant understood his sentence could be greater than six years, but not less. N.T., 10/3/2017, at 17.

First, Appellant argues that his sentence is excessive because it is "far outside of the aggravated range[.]" Appellant's Brief at 11. It is well settled that the sentencing guidelines are not mandatory—they "recommend [] rather than require a particular sentence." *Commonwealth v. Walls*, 926 A.2d 957, 965 (Pa. 2007). When a sentencing court imposes a sentence outside of the statutory guidelines, it must "provide a contemporaneous written statement of the reason or reasons for deviation from the guidelines," or it must state those reasons on the record in the presence of the defendant. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014). When fashioning a sentence, the court shall, "call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A.

§ 9721(b). Moreover, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017)(internal quotation and citation omitted).

Here, the sentencing court put its reasons for deviation from the guidelines on the record, in Appellant's presence, at the sentencing hearing. N.T., 12/1/2017, at 43-51. The court took into consideration a pre-sentence report and letters written on behalf of the victim and on behalf of Appellant. The sentencing court then highlighted the aspects of the case that it found warranted a sentence outside of the aggravated range. The court noted that Appellant was carrying a loaded gun when he had been drinking for hours and he shot the victim in front of the victim's mother and son. It also noted that Appellant involved himself in a dispute, essentially over parking, which had nothing to do with him. The court considered the fact that Appellant was "gigantic next to [the victim]," and that Appellant instigated the physical fight by following the victim back to the van and continuing to call him names. N.T., 12/1/2017, at 45. Additionally, the court pointed out that the victim was unarmed and, "[t]here was absolutely no need to pull a gun in this case." N.T., 12/1/2017, at 46. Finally, the sentencing court discussed a social media post made by Appellant, which the Commonwealth included in its sentencing memorandum. The post featured a photograph of Appellant pointing a gun at the camera with the caption, "f**k wit me." The court was troubled by the

post and said it reflected a "vigilante" attitude and that Appellant was "looking for trouble." N.T., 12/1/2017, at 46 and 47. Appellant argues that the sentencing court afforded impermissible weight to the photograph when fashioning his sentence. He avers that the photograph was taken 13 years before his sentencing, when Appellant was 15 years old. Appellant, however, does not allege that the photograph was somehow inadmissible. Instead, he argues that the sentencing court ignored certain mitigating factors, including his rehabilitative potential, and placed too much emphasis on the photograph. We find Appellant's argument unavailing.

As stated above, the sentencing court was informed by a pre-sentence report. The court also noted on the record that Appellant had no record, a great deal of family support, and a background as an EMT and volunteer firefighter. N.T., 12/1/2017, at 43-44. Obviously, "the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion." *Miller*, 965 A.2d at 277. The sentencing court's decision was not manifestly excessive or unreasonable. Thus, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/19