J-A22013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN MIKEL MATHIESON | : | |
| | : | |
| Appellant | : | No. 326 WDA 2022 |

Appeal from the Judgment of Sentence Entered January 24, 2022
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000411-2021

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED:  September 8, 2022**

Appellant, Austin Mikel Mathieson, appeals from the judgment of sentence entered on January 24, 2022, as made final by the denial of Appellant's post-sentence motion on March 1, 2022.  We affirm.

The trial court ably summarized the underlying facts and procedure of this case:

> On February 9, 2021, Pennsylvania State Police received a Child Line referral detailing allegations of sexual abuse.  The alleged victim was a 16-year-old juvenile female. The alleged perpetrator, [Appellant], was identified as a family member of the victim.  The victim was interviewed on February 15, 2021. The victim alleged multiple incidents of forcible sexual assault over the course of many years.  On February 26, 2021, Pennsylvania State Police Trooper Joseph Morris interviewed [Appellant] at PSP Mercer.  In a recorded interview, [Appellant] initially repeatedly denied having any type of sexual contact with the victim, but later admitted to

---

[*] Retired Senior Judge assigned to the Superior Court.

sexual contact, which [Appellant] claimed was consensual and occurred when both [Appellant] and the victim were juveniles.

[Appellant] was subsequently charged with [numerous crimes, including rape, statutory sexual assault, sexual assault, and incest]. . . . On November 9, 2021, [Appellant pleaded] guilty to statutory sexual assault, a felony of the second degree[,] in violation of 18 Pa.C.S.A. § 3122.1(a)(1) and the remainder of the charges were *nol prossed*. This violation has an offense gravity score of seven. [Appellant's] prior record score was zero. The standard [sentencing] range was calculated at [six to 14 months' imprisonment, plus or minus six months,] with statutory limits of [60 – 120 months' imprisonment].

Trial Court Opinion, 4/25/22, at 2 (some capitalization omitted).

On January 24, 2022, the trial court sentenced Appellant to serve a standard-range sentence of 14 months to three-and-a-half years in a State Correctional Institution, followed by two years of probation.

On February 2, 2022, Appellant filed a timely post-sentence motion, where he requested "that the [trial] court reconsider his sentence and grant him a county sentence, 12 months less a day with work release." Appellant's Post-Sentence Motion, 2/2/22, at 1. Appellant requested this relief because his prior record score was zero and because he wished to "continue to work so that he [could] meet his financial obligations." *Id.*

The trial court denied the post-sentence motion on March 1, 2022 and Appellant filed a timely notice of appeal. Appellant raises one claim on appeal:

Whether the [trial] court erred as a matter of law or abused its discretion, when the court denied the [post-sentence] motion requesting a county sentence instead of a state sentence when [Appellant] had no prior convictions and was employed[?]

Appellant's Brief at 5.

Appellant's claim on appeal challenges the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*). Additionally, in determining

whether an appellant has raised a substantial question, we must limit our review to the appellant's Rule 2119(f) statement. *Goggins*, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* at 727 (emphasis omitted).

Appellant's sentence falls within the standard sentencing range. Nevertheless, Appellant claims that the trial court abused its discretion when it failed to "consider[] rehabilitation [and] sentenc[ed Appellant] to the state system," instead of sentencing Appellant to incarceration in a county jail. Appellant's Brief at 10. As this Court has held, both of Appellant's claims raise a substantial question under the Sentencing Code. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2013) (holding: a claim that the sentencing court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant, does raise a substantial question under the Sentencing Code); *Commonwealth v. Fullin*, 892 A.2d 843, 850 (Pa. Super. 2006) (holding: a claim that "the trial court abused its discretion by ordering [the appellant] to serve his sentence in a state correctional institution rather than in a county facility" raises a substantial question). Thus, we will address the merits of Appellant's discretionary sentencing claim.

With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose

judgment will not be disturbed absent an abuse of discretion."

***Commonwealth v. Ritchey***, 779 A.2d 1183, 1185 (Pa. Super. 2001). We have explained:

> An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court [has explained]: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169–170 (Pa. Super. 2010) (citations and brackets omitted).

We also adhere to 42 Pa.C.S.A. § 9781, which provides, in pertinent part:

> (c) Determination on appeal.--The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
>> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>>
>> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

(d) Review of record.--In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c) and (d).

In the case at bar, the trial court clearly considered Appellant's rehabilitative needs and acted within its discretion when it sentenced Appellant to serve his term of confinement in a State Correctional Institution. Indeed, as the trial court explained:

In [determining Appellant's] sentence in this case, [the trial court] considered all relevant reliable evidence and all mitigating statutory factors as reflected in the record. The sentence imposed by [the trial court] was within the standard sentencing guideline range. [The trial court] expressly stated its rehabilitative goal as part of the decision to sentence [Appellant] to a penitentiary sentence. Further, [the trial court] found many factors which could have supported an aggravated sentence including the allegations of five separate incidents of sexual conduct against the victim, allegations of force, allegations of threats, and the incestuous nature of the crime as well as the apparent lack of remorse based on statements in the presentence investigation. Mitigating factors [the trial court] considered included several

of the incidents occurring when [Appellant] and the victim [were juveniles], the prior record score of zero, and the "very positive letter from the Voltzs," the persons interested in subcontracting work to [Appellant].

Trial Court Opinion, 4/25/22, at 6-7.

The trial court's explanation demonstrates that it sentenced Appellant to serve his term of confinement in a State Correctional Institution because it believed that such confinement was necessary to further Appellant's rehabilitative needs. This determination was within the trial court's discretion and Appellant's challenge to the discretionary aspects of his sentence thus fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2022