J-S15006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM BRISTOL | : | |
| | : | |
| Appellant | : | No. 1712 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 10, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001265-2022

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED JUNE 18, 2024**

Appellant, William Bristol, appeals from the judgment of sentence entered on May 10, 2023, as made final by the denial of Appellant's post-sentence motion on June 26, 2023. We affirm.

The trial court thoroughly summarized the facts and procedural posture leading to this appeal:

> On September 21, 2021, officers responded to a call for a "person with a gun" at 1800 E. Somerset Street in Philadelphia. . . . Upon [the officers'] arrival, George Christian, "decedent," was found lying on the highway suffering from multiple stab wounds to his neck and chest. The decedent was transported to the hospital and pronounced dead.
>
> A post-mortem examination was conducted on the remains of the decedent by Dr. Albert Chu, M.D. of the Philadelphia Office of the Medical Examiner. Dr. Chu, who is an expert in

_____

the field of forensic pathology, made the following findings: the decedent suffered [eight] stab wounds and [five] incised wounds to his neck, chest, back, arms, hands, and thighs. The cause of death was multiple stab and incised wounds, and the manner of death was ruled a homicide. These findings were made to a reasonable degree of medical certainty.

Upon investigation, police located a witness who told detectives that she received a phone call from her daughter, Bianca Rivera ("Rivera"), who stated to her that Rivera and Appellant stabbed the decedent at Kensington [Avenue] and Somerset [Street]. Rivera also gave the witness her current location of 3502 Scotts Lane. Appellant and Rivera were located by police at that same address and were transported to the Homicide Unit.

While at the Homicide Unit, Appellant was Mirandized and provided a statement to detectives confessing to his involvement in the murder of the decedent. In summary, [Appellant] stated that his ex-wife, Rivera, was having trouble with the decedent who she was dating at the time. Rivera and Appellant met with the decedent at Kensington and Somerset. Appellant observed Rivera swing something at the decedent and saw the decedent begin to fight back. He then chased the decedent with a sword and stabbed him in the back several times as the decedent ran away. He also stabbed the decedent in the leg causing him to fall to the ground. While the decedent was on the ground, he stabbed the decedent several more times before running away. As he ran away, Appellant discarded the sword and his clothing. He then proceeded to call family members and [told] them what happened. Appellant later met with Rivera at 3502 [Scotts] Lane where both were arrested by police.

On November 30, 2022, Appellant entered a non-negotiated guilty plea to one count of [third-degree] murder, one count of conspiracy, one count of possessing an instrument of crime ("PIC"), and one count of tampering with evidence.[1] On May 10, 2023, [the trial court] sentenced Appellant to an

_____

[1] 18 Pa.C.S.A. § 2502(c), 903, 907(a), and 4910(1), respectively.

aggregate term of [20 to 40 years'] confinement: [ten to 20] years of incarceration on the [third-degree] murder charge to run consecutively to [ten to 20] years of incarceration for conspiracy. No further penalty was imposed on the PIC and tampering with evidence charges.

Trial Court Opinion, 9/6/23, at 1-3 (some capitalization omitted).

On June 26, 2023, the trial court denied Appellant's post-sentence motion and Appellant filed a timely notice of appeal. Appellant raises the following claim on appeal:

Did the trial court abuse its discretion in imposing an aggregate sentence of [20 to 40 years'] following an open plea?

Appellant's Brief at 5.

We note that Appellant's general claim on appeal is composed of two subclaims. These subclaims are that, during sentencing: 1) the trial court "gave too much weight to the gravity of the offense while not fully accounting for mitigation evidence" and 2) the trial court failed to provide sufficient reasons for imposing consecutive sentences. *Id.* at 4.

Appellant's claims on appeal challenge the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007).

In this case, Appellant filed a timely notice of appeal, preserved his claims in his post-sentence motion, and properly included a Rule 2119(f) statement in his brief. Therefore, we turn to the issue of whether Appellant's claims raise a substantial question.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. McKiel**, 629 A.2d 1012, 1013 (Pa. Super. 1993); **Commonwealth v. Goggins**, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. **Goggins**, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal,

which are necessary only to decide the appeal on the merits." *Id.* at 727 (emphasis omitted).

Appellant's first subclaim contends that his sentence is excessive because the trial court failed to consider certain mitigating circumstances. Under our precedent, Appellant's claim presents a substantial question, thus permitting our review. *See Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) ("an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question").[2]

We have explained:

> sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Crork*, 966 A.2d 585, 590 (Pa. Super. 2009) (quotation marks and citations omitted).

Appellant claims that the trial court failed to adequately consider the following mitigating factors: "(1) Appellant's relationship with the

---

[2] We note that we have also "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Eline*, 940 A.2d 421, 435 (Pa. Super. 2007) (quotations, citations, and corrections omitted); *see also Commonwealth v. Radecki*, 180 A.3d 441, 469 (Pa. Super. 2018) (collecting cases). Nevertheless, in light of our conflicting precedent, we will review the merits of Appellant's discretionary aspects of sentencing claim.

co-defendant as well as the decedent; (2) the fact that Appellant had a prior record score of zero and [led] an otherwise law-abiding, productive life; (3) Appellant [pleaded] guilty and expressed remorse; [and,] (4) the fact that Appellant could have been rehabilitated." Appellant's Brief at 4. Appellant's claim fails because, during Appellant's sentencing hearing, the trial court expressly stated that it considered the pre-sentence investigation report. *See* N.T. Sentencing, 5/10/23, at 5-6. Given this fact, we must "presume that the sentencing judge was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). To be sure, our Supreme Court has held:

> A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Id.*

Thus, Appellant's first subclaim on appeal fails.

Next, Appellant claims that the trial court abused its discretion at sentencing when it failed to provide sufficient, on-the-record reasons for imposing consecutive sentences. Appellant's Brief at 4.

Section 9721(b) of the Sentencing Code states: "[i]n every case in which the court imposes a sentence for a felony or misdemeanor, . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). Thus, as we have held, "[a] claim that the trial court failed to state adequate reasons for the sentence on the record raises a substantial question." *Commonwealth v. Goodco Mech., Inc.*, 291 A.3d 378, 405 (Pa. Super. 2023). Nevertheless, as we have also held: "[t]he court may meet [its] requirement [of stating adequate, on-the-record reasons for the sentence] by indicating that it has been informed by the pre-sentencing report, thus properly considering and weighing all relevant factors." *Id.* at 407 (quotation marks, citations, and corrections omitted).

As noted above, during the sentencing hearing, the trial court expressly stated that it reviewed Appellant's pre-sentence report. *See* N.T. Sentencing, 5/10/23, at 5-6. Therefore, Appellant's claim that the trial court failed to state adequate reasons for its sentence necessarily fails. *See Goodco Mech.*, 291 A.3d at 407.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:   6/18/2024