J-S21002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VINCENT PARKER | : | |
| | : | |
| Appellant | : | No. 1343 WDA 2016 |

Appeal from the Judgment of Sentence July 19, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011435-2015

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                           **FILED JULY 11, 2018**

Appellant, Vincent Parker, appeals from the judgment of sentence entered on July 19, 2016, as made final by the denial of Appellant's post-sentence motion on August 11, 2016. We affirm.

The trial court ably summarized the underlying facts of this case. As the trial court explained:

> [O]n June 15, 2015, [eight-year-old M.W.] and [11-year-old T.W.] were living with [T.W.'s] grandmother, [L.W.], in her apartment in the North Side of the City of Pittsburgh. [Appellant was L.W.'s] boyfriend [at the time. Appellant] lived in the same building [as L.W. and] was always present [in L.W.'s] apartment. . . .
>
> [On the afternoon of June 15, 2015, M.W. and T.W.] had gone to the community pool and returned to the apartment, where they were listening to music and dancing. [L.W.], who used a motorized wheelchair, returned to the apartment at some point and went to [lie] down in her bedroom because she had been drinking. Shortly thereafter, [Appellant] returned to the apartment and sat in a recliner in the room where [T.W. and

M.W.] were dancing. The girls soon noticed that [Appellant] was touching his penis through his pants and he eventually pulled down his pants, exposing his penis to them and began to masturbate. He ejaculated, and the girls noticed "white sperm" coming out of his penis. . . .

[Appellant] went to the bathroom and when he returned, he took [M.W.'s] pants off, put his mouth on her genital area[,] [and] attempted to put his penis inside her vagina. [M.W.] kicked him and pulled his hair and was eventually able to free herself. [Appellant] then touched and rubbed [T.W.'s] genital area with his hand. Thereafter, [Appellant] wanted the girls to touch his penis. [M.W.] got maple syrup from the kitchen and poured it on his penis and [Appellant] told them to lick it, but they did not. Instead[,] the girls got spoons from the kitchen and used them to touch his penis. [Appellant] used a dish towel from the kitchen to wipe himself and left the apartment and the girls went to sleep.

The next morning, . . . [L.W.'s] home health aide[] came to the apartment to provide care [to L.W.] The girls told her what had happened, and she insisted that the girls tell their grandmother and call the police. She went through the garbage and located the syrup-stained dish towel, put it in a Giant Eagle bag and gave it to the police when they arrived. Upon questioning, [Appellant] agreed to waive his **Miranda**[1] rights and denied all sexual contact with the girls, but stated that when he watched them dancing, "he could see it in their eyes."

. . .

[Appellant] was charged with criminal attempt, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, two [] counts of corruption of minors, two [] counts of indecent assault of a person under 13, indecent

_____

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

- 2 -

exposure[,] and two [] counts of endangering the welfare of a child.[2] . . .

Trial Court Opinion, 8/31/17, at 1-2 and 17-18 (internal footnotes and citations omitted) (some internal capitalization omitted).

Prior to trial, the Commonwealth moved to obtain the trial court's permission to ask the following question during *voir dire*: "Under Pennsylvania law, a victim's testimony standing alone, if believed by you, is sufficient proof to find the defendant guilty in a sexual assault case. Can you follow this principle of law if instructed?" Commonwealth's Requested *Voir Dire* Questions, 4/13/16, at 1 (some internal capitalization omitted).

Appellant objected to the manner in which the Commonwealth phrased its proposed question. Specifically, Appellant declared:

> [Appellant] objects to the use of the word "victim" in a proposed *voir dire* question as it is inherently prejudicial. This is true especially considering that there is no "victim" in any criminal case unless and until the case is proven beyond a reasonable doubt to a finder of fact and a verdict is rendered. The use of the word "victim" here implies that the Court or some other part of the criminal justice system has already found a [complainant's] allegations to be truthful and meritorious.
>
> . . .
>
> In the event that the court grants the Commonwealth's request for this proposed question, [Appellant] requests that the court change the word "victim" to "complainant."

---

[2] 18 Pa.C.S.A. §§ 901(a), 3123(b), 6318(a)(1), 6301(a)(1)(ii), 3126(a)(7), 3127(a), and 4304(a)(1), respectively.

> Counsel also objects to this question because its wording could leave a potential juror to conclude that, so long as he or she believes the complainant, he or she may convict the defendant regardless of whether the defendant's guilt has been proven beyond a reasonable doubt or regardless of whether each and every element of the individual crimes charged has been demonstrated.
>
> If the court allows this question, [Appellant] requests that the italicized language be added to the question: "Under Pennsylvania Law, a complainant's testimony standing alone, if believed by you, is sufficient proof to find the defendant guilty in a sexual assault case, *so long as the elements of the crimes charged are proven, and the defendant's guilt is otherwise established beyond a reasonable doubt*. Can you follow this principle of law if instructed?"

Appellant's Response to Commonwealth's Request for Additional *Voir Dire*, 4/19/16, at 2-3 (some internal capitalization omitted) (internal paragraphing omitted) (italicization in original).

If a transcript exists of the *voir dire* proceedings, Appellant has not provided it to this Court. **See** Pa.R.Crim.P. 631(D) ("*Voir dire*, including the judge's ruling on all proposed questions, shall be recorded in full unless the recording is waived. The record will be transcribed only upon written request of either party or order of the judge"); **see also Commonwealth v. Reed**, 971 A.2d 1216, 1219 (Pa. 2009) ("[i]t is an appellant's duty to ensure that the certified record is complete for purposes of review"). Nevertheless, the parties agree that the trial court permitted the Commonwealth to ask the question it requested, *i.e.*, "[u]nder Pennsylvania law, a victim's testimony standing alone, if believed by you, is sufficient proof to find the Defendant

guilty in sexual assault cases.  Can you follow this principle of law if instructed?" ***See*** Appellant's Brief at 20; Commonwealth's Brief at 3.

Following trial, the jury found Appellant guilty of every charged crime. N.T. Trial, 4/27/16, at 303-307.  However, "on April 28, 2016, [the trial] court vacated the conviction for involuntary deviate sexual intercourse with a child *sua sponte*."  Trial Court Opinion, 8/31/17, at 2; ***see also*** N.T. Sentencing Hearing, 7/19/16, at 2.  On July 19, 2016, the trial court sentenced Appellant to serve two consecutive terms of 50 to 100 months in prison for his criminal attempt and unlawful contact with a minor convictions, for an aggregate term of 100 to 200 months' imprisonment.  N.T. Sentencing Hearing, 7/19/16, at 12-13.

On July 29, 2016, Appellant filed a timely post-sentence motion, where he raised a number of claims, including that:  1) the trial court abused its discretion when it imposed a manifestly excessive sentence and 2) the trial court erred when it permitted the Commonwealth to ask potential jurors the above-quoted *voir dire* question.  Appellant's Post-Sentence Motion, 7/29/16, at ¶¶ 13-29 and 57-59.  The trial court denied Appellant's post-sentence motion on August 11, 2016 and Appellant filed a timely notice of appeal to this Court.  Appellant raises two issues on appeal:

> [1.] Did the trial court abuse[] its discretion in allowing the following legally incorrect and prejudicial *voir dire* question: "Under Pennsylvania law, a victim's testimony standing alone, if believed by you, is sufficient proof to find the Defendant guilty in sexual assault cases.  Can you follow this principle of law if instructed?"

- 5 -

> [2.] [Is] the aggregate sentence of 100 to 200 months of incarceration manifestly excessive and an abuse of discretion?

Appellant's Brief at 6 (some internal capitalization omitted).

Appellant first claims that the trial court erred when it permitted the Commonwealth to ask a particular question during *voir dire*.

As the Pennsylvania Supreme Court has explained:

> A criminal defendant's right to an impartial jury is explicitly granted by Article 1, Section 9 of the Pennsylvania Constitution and the Sixth Amendment of the United States Constitution. The jury selection process is crucial to the preservation of that right. The purpose of *voir dire* is to provide an opportunity [for] counsel to assess the qualifications of the prospective jurors to serve. It is therefore appropriate to use such an examination to disclose fixed opinions or to expose other reasons for disqualification. It is well settled that the sole purpose of examination of jurors under *voir dire* is to secure a competent, fair, impartial and unprejudiced jury. While considerable latitude should be permitted on *voir dire*, the inquiry should be strictly confined to disclosing qualifications of a juror and whether the juror has formed a fixed opinion or may be otherwise subject to disqualification for cause.

***Commonwealth v. Ellison***, 902 A.2d 419, 423-424 (Pa. 2006) (plurality) (internal citations omitted).

"The scope of *voir dire* rests in the sound discretion of the trial court and will not be reversed on appeal in the absence of palpable error." ***Commonwealth v. Proctor***, 585 A.2d 454, 460 (Pa. 1991). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by

the evidence of record*." Commonwealth v. Serrano*, 61 A.3d 279, 290 (Pa. Super. 2013) (internal quotations and citations omitted). Further, "not every legal mishap prejudices a defendant to the extent that a reversal is necessary. Rather, if this Court concludes that a trial error was harmless beyond a reasonable doubt, the conviction will be affirmed regardless of the error." *Commonwealth v. Rickabaugh*, 706 A.2d 826, 838 (Pa. Super. 1997) (internal citations omitted).

According to Appellant, the trial court erred when it allowed the Commonwealth to ask potential jurors the following question during *voir dire*: "Under Pennsylvania law, a victim's testimony standing alone, if believed by you, is sufficient proof to find the Defendant guilty in sexual assault cases. Can you follow this principle of law if instructed?" *See* Appellant's Brief at 20.

The appellate claim is composed of four sub-arguments. First, Appellant declares that the question was inappropriate for *voir dire*, as "it was not used to determine if a juror had a fixed opinion or bias, or otherwise could be subject to disqualification for cause." *Id.* at 34. Rather, Appellant claims, the question "clearly was intended to elicit what the prospective jurors' impression or opinion would be or what their attitudes or decisions likely would be under certain facts which were to be developed in the case." *Id.* at 35. Second, Appellant argues that allowing the question was erroneous because the question was "in the nature of a jury instruction and, therefore, inappropriately intrudes upon the [province] of the court." *Id.* at 37. Third, Appellant argues that the trial court "abused its discretion in refusing to

change the word 'victim' to 'complainant,' as 'victim' is an inherently prejudicial word." *Id.* at 27 n.1. Finally, Appellant claims that the question should not have been allowed because it contains a legally inaccurate statement of the law. *Id.* at 20. Appellant's claims on appeal fail.

Appellant's first two sub-arguments contend that the trial court erred in allowing the Commonwealth's requested *voir dire* question because the question was "not used to determine if a juror had a fixed opinion or bias, or otherwise could be subject to disqualification for cause" and was "in the nature of a jury instruction." *Id.* at 34 and 37. These claims are waived, as Appellant failed to raise the claims before the trial court. *See* Appellant's Response to Commonwealth's Request for Additional *Voir Dire*, 4/19/16, at 2-3; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Appellant's third sub-argument on appeal is that the trial court "abused its discretion in refusing to change the word 'victim' to 'complainant.'" This claim is also waived, as Appellant has relegated the claim to a footnote in his brief and has failed to provide this Court with any case law or argument to explain why he would be entitled to relief on the claim. *See* Appellant's Brief at 27 n.1; *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1999) ("[the Pennsylvania Supreme Court] has held that an issue will be deemed to be waived when an appellant fails to properly explain or develop it in his brief"). Even if this claim were not waived, Appellant failed to establish how the use of the word "victim" was inherently prejudicial to Appellant in this

case. We do not believe that the trial court abused its discretion in this instance.

Finally, Appellant contends that the trial court erred in permitting the question because "[t]he statement 'a victim's testimony standing alone, if believed by you, is sufficient proof to find the Defendant guilty in a sexual assault case' is, at best, an incomplete statement of the law, and, at worst, a complete misstatement of the law." Appellant's Brief at 28. As Appellant notes, a "complainant's testimony, standing alone, is only sufficient proof to find a defendant guilty in a sexual assault case if the elements of the crime charged are proven, and the defendant's guilt is otherwise established beyond a reasonable doubt." *Id.* at 20.

We agree that the statement "a victim's testimony standing alone, if believed by you, is sufficient proof to find the Defendant guilty in a sexual assault case" is incomplete and rather inartful. Indeed, it would have been better if the trial court had accepted Appellant's modified version of the question, as Appellant's version was more comprehensive and legally precise. However, we fail to see how Appellant was prejudiced in this case, given that the trial court later instructed the jury: "[t]he law that applies to this case is contained in these instructions and it is your duty to follow these instructions;" "the defendant is presumed innocent throughout the trial and unless and until you conclude based on careful and impartial consideration of the evidence that the Commonwealth has proved him guilty beyond a reasonable doubt;" "it is the Commonwealth that always has the burden of proving each and every

element of the crimes charge[d] beyond a reasonable doubt. If the Commonwealth fails to meet its burden, then your verdict must be not guilty;" and, "[t]he testimony of the victim standing alone, if believed by you, is sufficient proof upon which to find the defendant guilty in this case. The testimony of the victim in a case such as this need not be supported by other evidence to sustain a conviction. Thus, you may find the defendant guilty if the testimony of the victim convinces you beyond a reasonable doubt that the defendant is guilty." N.T. Trial, 4/25/15, at 285, 286, 287, and 292. Moreover, the trial court instructed the jury on the definition of "reasonable doubt" and informed the jury of the elements of every charged crime. *Id.* at 287-288 and 292-297.

"The law presumes that the jury will follow the instructions of the [trial] court." *Commonwealth v. Brown*, 786 A.2d 961, 971 (Pa. 2001). Thus, although the Commonwealth's *voir dire* question contained an incomplete legal statement, the trial court's later jury instructions provided the jury with the only instructions the jury was permitted to use, were legally correct, and cured any potential prejudicial error that could have accrued from the Commonwealth's prior, incomplete statement. *See*, *e.g.*, *Commonwealth v. Smith*, 995 A.2d 1143, 1163 (Pa. 2010) ("[t]he prosecutor's explanation of reasonable doubt, even if erroneous, was cured by the trial court's correct instruction. The jury is presumed to follow the trial court's instructions") (internal citation omitted); *Commonwealth v. Wright*, 961 A.2d 119, 153 (Pa. 2008) (where the petitioner claimed that his trial counsel was ineffective

for "failing to timely object to the prosecutor's *voir dire* questions which incorrectly stated the law regarding a diminished capacity defense based on alcohol consumption," the Supreme Court held that the claim failed because "the prosecutor made a misstatement, which the trial court corrected, and the proper standard was provided during the jury charge. Appellant provides no proof the jury was confused at trial. In the same vein, appellant offers no argument how this misstatement prejudiced him"); ***Commonwealth v. Noel***, 104 A.3d 1156, 1172 (Pa. 2014) (plurality) (finding that any error during *voir dire* was harmless beyond a reasonable doubt). As such, we conclude that any error in this case was harmless beyond a reasonable doubt.[3] Appellant's claim fails.

For Appellant's second claim on appeal, Appellant contends that the trial court imposed a manifestly excessive sentence. Appellant's claim on appeal is a challenge to the discretionary aspects of his sentence.

"[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." ***Commonwealth v. Ritchey***, 779 A.2d 1183, 1185 (Pa. Super.

---

[3] We further note that the testimony of the victims in this case **was sufficient** to find Appellant guilty of the crimes for which he was sentenced and that, during the jury selection process, the jury members were informed of the "beyond a reasonable doubt" standard. ***See*** Pa.R.Crim.P. 632 (the written jury information questionnaire asks the question: "Would you have any problem following the court's instruction that the defendant in a criminal case is presumed to be innocent unless and until proven guilty beyond a reasonable doubt?").

- 11 -

2001).  Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence.  *See* 42 Pa.C.S.A. § 9781(b).  Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence.  *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

As our Supreme Court has held, the determination of whether a substantial question exists must be done prior to – and be divorced from – the determination of the potential merits of an issue.  *Commonwealth v. Tuladziecki*, 522 A.2d 17, 19 (Pa. 1987).  If it were otherwise, a challenger would "in effect obtain[] an appeal as of right from the discretionary aspects of a sentence" – a result that would violate statutory law.  *Id.*

The trial court sentenced Appellant to serve two consecutive terms of 50 to 100 months in prison for his criminal attempt and unlawful contact with a minor convictions.  N.T. Sentencing Hearing, 7/19/16, at 12-13.  Appellant acknowledges that these two sentences fall within the mitigated sentencing range.  *See* Appellant's Brief at 43.  However, Appellant claims that the trial

- 12 -

court erred when it ran the two sentences consecutively and that his aggregate sentence of 100 to 200 months' imprisonment is manifestly excessive. This issue does not present a substantial question under the Sentencing Code.

Generally, for an appellant to raise a substantial question that his sentence is inappropriate under the Sentencing Code, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000).

As this Court has held:

> the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. We see no reason why a defendant should be afforded a volume discount for his crimes by having all sentences run concurrently.
>
> However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. When determining whether a substantial question has been raised, we have focused upon whether the decision to sentence consecutively raises the

aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case.

*Commonwealth v. Zirkle*, 107 A.3d 127, 133-134 (Pa. Super. 2014) (internal quotations, citations, and corrections omitted); *see also Commonwealth v. Radecki*, 180 A.3d 441, 468-469 (Pa. Super 2018) ("[w]e consistently have recognized that excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review").

In this case, Appellant's aggregate sentence of 100 to 200 months' imprisonment does not "appear[ on] its face to be[] an excessive level in light of the criminal conduct in this case." *Id.* Therefore, Appellant has not raised a substantial question and we may not reach the merits of Appellant's second claim on appeal.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2018