J-A21024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
DANIEL MANDIC                    :
                                 :
            Appellant            :   No. 485 EDA 2019

Appeal from the Judgment of Sentence Entered December 20, 2018
In the Court of Common Pleas of Wayne County Criminal Division at
         No(s):  CP-64-CR-0000224-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
DANIEL MANDIC                    :
                                 :
            Appellant            :   No. 487 EDA 2019

Appeal from the Judgment of Sentence Entered December 20, 2018
In the Court of Common Pleas of Wayne County Criminal Division at
         No(s):  CP-64-CR-0000288-2018

BEFORE:  BOWES, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 06, 2019**

Appellant, Daniel Mandic, appeals from the judgment of sentence entered on December 20, 2018, as made final by the denial of Appellant's post-sentence motion on January 2, 2019.  We affirm.

On November 1, 2018, Appellant entered an open guilty plea to five counts of simple assault and one count of persons not to possess firearms.[1] During the colloquy, Appellant agreed to the following, underlying facts:

> With regard to [Docket Number CP-64-CR-0000288-2018 (hereinafter "Docket Number 288-2018"), Appellant] is the father of [five] minor children, ages 11, [ten, nine, and eight-year-old] twins. During [the] 2017 calendar year, on more than one occasion, [Appellant] did hit [and/or] kick [and/or] punch [and/or] choke each of the [aforementioned] children which did cause bodily injury to each child.
>
> . . .
>
> With regard[] to [Docket Number CP-64-CR-0000224-2018 (hereinafter "Docket Number 224-2018"),] on or about November 10th of 2017, [Appellant] did possess a [Stevens 30-30 bolt-action] rifle . . . and also two [shotguns] when he was not a person allowed to do so because of a prior conviction.

N.T. Guilty Plea Hearing, 11/1/18, at 5.

The trial court accepted Appellant's guilty plea and scheduled the sentencing hearing for a later date. *Id.* at 8.

At the December 20, 2018 sentencing hearing, the trial court explained the basis for its aggregate sentence of 93 ½ to 192 months' imprisonment:

> [T]hank you[, Appellant]. I've read every page of your pre-sentence report. It was a lengthy report. It was 15 pages. Narrative pages, computation of sentencing guidelines, recommendation of the court. And a letter from your good friend and I believe she's sitting out there today....
>
> You're 38 years old. You're a young individual. You have an associate's degree, which I commend you for, that's very

_____

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 6105(a)(1), respectively.

good. You got your high school degree and then went on to get an associate's degree. You battle substance abuse issues not only until the point in time you were incarcerated but also before then. . . .

Your first offense listed on the PSI is the persons not to possess or use firearms, a felony of the second degree. None of the time attributed to your stay in the Wayne County Correctional Facility [is] attributable to that. That'll be attributable to the other information. You pled guilty, I take that to your credit. You admitted [your] responsibility and moved on. . . .

As to [Docket Number 288-2018], you pled guilty to [five] counts of misdemeanors in the first degree simple assaults. You have 217 days of credit time towards whatever sentence I do impose. And once again, you plead guilty, and I take that to your credit. . . .

This was a case where the probation officer was at your home and contacted authorities and the like and they found a gun safe located in the bedroom closet. You not only had one gun, you had three guns. They found two plastic bags containing marijuana, a glass pipe, glass marijuana [bowl], and purple grinder. The long guns included a [Stevens 30-30 bolt-action] rifle, a Mossberg 12[-gauge] shotgun, and a [Stevens 12-]gauge shotgun. . . .

You said that the three guns were left at your residence by Andy Hornun[,] a friend of yours[,] who had used them to hunt. The police took it upon themselves to call Mr. Hornun and he said the guns were not his and he would not attempt to lie for you. . . .

So, you're on parole at the time. Probation officer[s] throughout your home, they find not one but three long guns. And instead of admitting it and accepting your responsibility, you tried to minimize your conduct by blaming it on Andy Hornun and to his credit, he wasn't going to go along with you. . . .

You said you take full responsibility for this offense and accept the consequence. Two months later, I think it was two months later, in January 2018, Pennsylvania State Police

were assigned a criminal investigation that had begun on January 10th, 2018. Based upon an allegation of child abuse. The victims are an [11-year-old female, a ten-year-old female, a ten-year-old male, an eight-year-old female, and another eight-year-old female]. The alleged abuses ran from January through December of 2017. 12 months of nightmare for these children. And the District Attorney, I guess, stole my intended references, so I'm not going to repeat them here. But to threaten to cut off a child's fingers with a knife because you say he stole gum. He stole a piece of gum, that's all it was. And that as soon as he stole it. And if he stole it it's probably because he was starving. You pushed R.C.M.'s head through a wall. And J.J.M. the one you held up by the throat, told the officials that she thought she was going to die. A.M.M. disclosed that one time you had a gun in your hand and you threatened to shoot her with it. My goodness. There are literally millions of couples out there that would sacrifice their right arm to have a child. And you, for at least 12 months, repeatedly[] victimized these children. . . .

I don't think you have any idea how trauma, trauma such as you subjected your children to, how it can ruin their lives. Ruin them, through no fault of their own. When I read the account of this incident, I really got sick. I got sick to my stomach. What in the world are you thinking? . . .

In regards to calling your children derogatory names, you admit it that you did that and stated it occurred often. These, a child is a gift. A child is a gift to the parents. Why, why would you ever want to do this to the gifts you received?...

And I emphatically dispute your statement that you were under the impression this is a form of discipline and not abuse. Sir, you went through supervision with Wayne County Children and Youth Services and I presided over that. And your physical abuse of the children was a matter that was brought to light during those proceedings. And that predated this by years. You knew what you were doing was abusing those children. You said to the officer I love my children. I love my children. I love my children. I love my child so much I'm going to threaten to cut her finger off. I love my children so much I'm going to hold her up and shake her until she stops squirming. I love my children so much I'm going to threaten her with a gun. There's something very sick in your

- 4 -

head. Very sick. And you said you love your children but they're going to be in trouble one day. Well that last part of your statement is certainly true. I haven't followed the recent case and I don't know how much trouble they're in. But having been exposed to children who are suffering this kind of trauma in other cases, I'm sure these children are an absolute mess because of you. You've robbed them of so much that they could have had in life. . . .

You have a prior offense for pleading guilty to manufacture of a controlled substance in 2003[. Y]ou did [four] to 23 ½ months in jail. You have a summary offense and you have another charge, possession of controlled substance in 2016. And you said, or your attorney said, done good[,] you've behaved in prison. I hope you would. I'd hope you'd behave in prison. This, the period of time you spent at Just Believe, wasn't the first time that you got drug and alcohol treatment. You went to PATH in 2007, I believe it was, 2017. Of 16. Let me just, be sure what happened here. Outpatient, yeah, was treated with outpatient treatment at PA Treatment and Health in 2016. So, you knew what drugs would do to you. You completed an anger management course. That was a fleeting learning moment in your life. You attended parenting classes, they sure didn't tell you to parent in this way. You knew full well what you were doing. Doctor Stefanov gave you the anger management course. You completed them in January 2017 and starting that very same month, you began victimizing your gifts of children in this way. . . .

I appreciate the thoughts by Ms. Henningson. I took, I read the letter. I take it into account. But sir, you had every opportunity to learn, and you didn't. . . .

N.T. Sentencing Hearing, 12/20/18, at 12-16 (signals and some capitalization omitted).

The trial court sentenced Appellant to serve a term of 36 to 72 months in prison for the persons not to possess firearms conviction and to serve five terms of 11½ to 24 months in prison for the simple assault convictions, with

each sentence to be served consecutively to one another, for an aggregate term of 93½ to 192 months' imprisonment. *Id.* at 16-17.

Appellant filed a timely post-sentence motion on December 24, 2018. Within this motion, Appellant declared:

> The [trial] court imposed a high-end standard range sentence of 36 months on the persons not to possess [firearms] charge as well as a high-end standard range [sentence] for the individual simple assault charges.
>
> [Appellant] believes that the minimum sentence imposed on both cases was unduly harsh and requests that [the trial court] reconsider the following, particularly but not limited to, how they apply to the rehabilitative needs of [Appellant] and the needs for the protection of the public:
>
> > a. These two criminal events occurred in 2017 while [Appellant] was struggling with issues of controlled substances and alcohol.
> >
> > b. Subsequent to these events, [Appellant] successfully sought treatment in multiple treatment centers as an inpatient.
> >
> > c. Subsequent or at the time of his completion of the treatment, he was arrested and charged with the aforesaid events and incarcerated in the Wayne County Correctional Facility where he abided by all terms and conditions of the prison and maintained and conducted himself as a model prisoner.
> >
> > d. [Appellant] pled guilty and accepted responsibility for his conduct and in doing so, also avoided the necessity of a trial which would have subjected his children to testify in court subjecting them to further anxiety and discomfort.
> >
> > e. [Appellant] is a resident of Wayne County.

f. [Appellant] took responsibility for all of the crimes of which he was accused and expressed remorse, by pleading guilty at the time of sentencing.

g. Pursuant to a pre-sentence investigation report by the Wayne County Probation Office, a detailed report was submitted to the court wherein the Probation Office recommended an aggregate sentence of 50 months to 120 months.

WHEREFORE, [Appellant] requests that [the trial court] reconsider his sentence and reduce the sentence to an aggregate total 36 month minimum [sic].

Appellant's Post-Sentence Motion, 12/24/18, at 2-3 (some paragraph numbering and capitalization omitted).

The trial court denied Appellant's post-sentence motion on January 2, 2019 and Appellant filed a timely notice of appeal. Appellant raises four claims in his appellate brief:

[1.] The [trial] court abused its discretion by sentencing [Appellant] in the top of the standard range in both [Docket Number 224-2018 and Docket Number 288-2018] and by imposing consecutive sentences in [Docket Number 288-2018].

[2.] The [trial] court gave undue weight to retribution over rehabilitation in the imposition of its sentence. Thus the sentence imposed is disproportionate and unduly excessive. There is a substantial question that the sentence imposed is not appropriate because the [trial] court's actions were contrary to fundamental norms underlying the sentencing process.

[3.] The [trial] court abused its discretion by considering content contained in the affidavits of probable cause which were not stipulated to as constituting a factual basis of [Appellant's] plea.

- 7 -

[4.] The [trial] court imposed a sentence which far exceeded the sentence as recommended by the Wayne County Adult Probation Department's pre-sentence investigation and also considered acts in imposing sentence which [Appellant] did not plead guilty to.

Appellant's Brief at 8 (some capitalization omitted).

Appellant's claims attack the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

[t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant filed a timely post-sentence motion and notice of appeal. However, Appellant's post-sentence motion only preserved the following claim: that the trial court abused its discretion when it sentenced

- 8 -

Appellant at the high-end of the standard range on all charges, and that the trial court abused its discretion when it imposed an aggregate, minimum sentencing term of 93½ months' imprisonment, because several, specific mitigating factors weighed in favor of a lesser minimum sentencing term. *See* Appellant's Post-Sentence Motion, 12/24/18, at 2-3. Thus, in this appeal, we will only consider the claim that Appellant preserved in his post-sentence motion. All other claims are waived. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) *(en banc)* ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

We will now determine whether Appellant's preserved claim presents a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Cook*, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f)

statement. **Goggins**, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.** at 727 (emphasis omitted).

Appellant's claim on appeal contends that the trial court either failed to consider or failed to give sufficient weight to several, specific mitigating factors and, as a result, abused its discretion by sentencing him to an unduly harsh minimum sentencing term. This Court has "held that an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." **Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015) (quotations and citations omitted).[2] Therefore, we conclude that Appellant has presented a substantial claim allowing for our review.

Nevertheless, Appellant's claim that the trial court abused its discretion in failing to consider certain mitigating factors immediately fails because, during Appellant's sentencing hearing, the trial court expressly stated that it considered the pre-sentence investigation report. N.T. Sentencing Hearing, 12/20/18, at 12. Given this fact, we must "presume that the sentencing judge

---

[2] We note that we have also "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Eline**, 940 A.2d 421, 435 (Pa. Super. 2007) (quotations, citations, and corrections omitted); **see also Commonwealth v. Radecki**, 180 A.3d 441, 469 (Pa. Super. 2018) (collecting cases). Nevertheless, in light of our conflicting precedent, we will review the merits of Appellant's discretionary aspects of sentencing claim.

was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

We further note that, during the sentencing hearing, the trial court expressly stated that it did consider the various mitigating evidence that Appellant cited – but that it concluded a term of 93½ to 192 months in prison was warranted under the facts of the case. N.T. Sentencing Hearing, 12/20/18, at 12-16. Hence, as is apparent from the record, the trial court considered and weighed the mitigating evidence in this case. Appellant's claim to the contrary is belied by the record and, thus, fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/19