J-S13015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHRAFUL ISLAM | : | |
| | : | |
| Appellant | : | No. 2330 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001689-2019

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                      **FILED:  MAY 28, 2021**

Appellant, Ashraful Islam, appeals from the judgment of sentence entered on July 21, 2020, as made final by the denial of Appellant's post-sentence motion on November 17, 2020.  We affirm.

The trial court ably summarized the underling facts of this case:

> On January 21, 2019, at approximately 5:17 a.m., Upper Gwynedd Township Police responded to [a particular address,] due to a report of domestic violence. The caller, A.N., is the daughter of [Appellant] and his wife, [D.I. (hereinafter "the Victim")], and [A.N.] met police outside the residence upon their arrival.  A.N. indicated that she had been awaked approximately [20] minutes prior to their arrival by the sound of her parents arguing.  A.N. explained that she went to her parents' bedroom and found [Appellant] choking [the Victim] while positioned on top of her in bed.  A.N. stated that while [Appellant] was choking [the Victim], she heard [the Victim] say "air, air, air" as if to indicate that she was

---

[*] Retired Senior Judge assigned to the Superior Court.

unable to breathe. A.N. directed [Appellant] to stop and [the Victim] instructed [A.N.] to contact the police.

As the responding officer stood outside the residence, he could hear yelling emanating from inside. Another officer arrived on the scene and both officers subsequently entered the residence. The officers encountered [Appellant] on the second floor as he was yelling at [the Victim]. [The Victim] was located in the bedroom and was sobbing and sitting at the foot of the bed. [The Victim] informed the officers she was not injured but one of the officers observed a fresh laceration on her left eyelid which was bleeding slightly. [The Victim] would not respond to questions regarding her injury and the officers did not observe any additional injuries on her person. The officers asked A.N. what she witnessed and she explained that [Appellant] was "over top of [the Victim]" and had "his hand[s] on her throat" as she said "air, air, air." A.N. also said that [the Victim] did kick [Appellant], but only to get him away from her.

One of the officers asked [Appellant] what had occurred and he explained how he had argued with [the Victim] regarding A.N. and how she did not come home on Friday night. [Appellant] stated that he had woken up and wished to discuss the matter with [the Victim], so he grabbed her by the wrist to get her up. [Appellant] later indicated [the Victim] had kicked him in his knee from a lying position when he was standing at the side of the bed and had told him to go to work. When asked if he [were] on top of [the Victim] at any point or if he had struck her, [Appellant] repeatedly stated he only grabbed her wrist, but at the same time motioned with his hands in a pushing motion. In response to questions about the pushing motion, [Appellant] initially denied pushing [the Victim], but eventually admitted doing so and telling her to go back to bed. [Appellant] said he only did this after she had kicked him. The officer questioning [Appellant] informed him that this was not consistent with how he had previously explained the position from which [the Victim] had kicked him.

The officer asked [Appellant] how [the Victim] received the cut on her face and he responded that it was possibly from when he pushed her away. [Appellant] stated he had only grabbed her wrist and pushed her after being kicked by her.

- 2 -

> When the officer informed [Appellant] that A.N. had witnessed him choking [the Victim], [Appellant] denied his daughter's description of the event and indicated he may have thrown a blanket over [the Victim]. The officer confronted [Appellant] with A.N.'s claim that [the Victim] was yelling "air, air, air" during the incident, and [Appellant] responded that she was not saying "air." When asked what he believed [the Victim] was saying, [Appellant] could not provide an explanation. The officer told [Appellant] about [the Victim's] instruction to A.N. to call the police, and [Appellant] confirmed this had occurred but had no explanation as to why police intervention would be necessary if the incident [were] as minor as he had described. Authorities subsequently took [Appellant] into custody.

Trial Court Opinion, 1/20/21, at 1-3.

Following a bench trial, the trial court found Appellant guilty of simple assault and unlawful restraint.[1] On July 21, 2020, the trial court sentenced Appellant to serve two years of probation for the simple assault conviction and to serve a consecutive term of two years of probation for the unlawful restraint conviction. N.T. Sentencing, 7/21/20, at 15. The trial court thus imposed an aggregate sentence of four years of "telephone reporting probation in which [Appellant] would potentially be eligible for nonreporting probation provided he did not have any issues during the first [two] years of his supervision." Trial Court Opinion, 1/20/21, at 3.

On July 28, 2020, Appellant filed a timely post-sentence motion, where he sought reconsideration of his sentence. Within the motion, Appellant claimed that his sentence was excessive because:

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), and 2902(a)(1), respectively.

1. [Appellant] is 58 years old with a Prior Record Score ["PRS"] of 0.

2. During the course of his case he has fully complied with all the terms and conditions of his bail and incurred no bench warrants.

3. Though this has been difficult for him, as he still loves his family and wishes to return to a state of normalcy, he has abided by all the requirements the justice system has imposed on him.

4. [Appellant] served four days in jail because of his arrest on this matter. This situation caused him to re-evaluate his life circumstances and the circumstances that led to his arrest.

5. He takes the incident that occurred very seriously, and understands that a violation of his supervision will result in further, much lengthier, incarceration.

6. [Appellant] is well-liked and well-regarded by many members of the community who know him well. Many of them were present to support him at sentencing and provided letters regarding [Appellant's] character.

7. [Appellant] also has significant medical issues, including diabetes which has halted his recovery from what would otherwise be minor injuries.

8. He is not a danger to the community, as evidenced by his PRS of 0, his age, his medical issues, and the many people who came to support him at his sentencing.

9. There is every reason to believe that [Appellant] will successfully complete his supervision without any issues. Nonetheless, it is respectfully submitted that four years of probation is too lengthy a period of supervision given his very limited criminal history, his age, and his medical problems.

10. [Appellant's] sentence also included an order to stay away from the victim in this case, his wife.

11. Four years of having no contact with his wife will lead to tremendous hardship and emotional turmoil for [Appellant].

12. [Appellant] is currently disabled and staying at a friend's house. He uses his disability money to pay the mortgage on the house he owns, which is where his wife lives.

13. [Appellant] feels that this situation is untenable for another four years.

14. [Appellant] respectfully requests that the [c]ourt consider reducing the total length of his probation given all of the aforementioned circumstances.

Appellant's Post-Sentence Motion, 7/28/20, at 2-4.

The trial court denied Appellant's post-sentence motion on November 17, 2020 and Appellant filed a timely notice of appeal. Appellant raises two claims on appeal:

Was [Appellant's] aggregate sentence of four years [of] probation manifestly excessive pursuant to 42 Pa.C.S.A. § 9721(b) where:

[1.] Studies show that the impact and effectiveness of supervision decreases after two years when most re-offenses are likely to occur[?]

[2.] Appellant had a Prior Record Score of 0, incurred no bench warrants or new arrests through the life of the case and abided by the terms of bail for more than one year[?]

Appellant's Brief at 3.

Appellant's claims on appeal challenge the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to

appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

First, Appellant claims that his sentence is manifestly excessive because "[s]tudies show that the impact and effectiveness of supervision decreases after two years when most re-offenses are likely to occur." Appellant's Brief at 3. Appellant did not raise this claim before the trial court. Therefore, Appellant waived his first claim on appeal. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived") (quotations and citations omitted).

Next, Appellant claims that his aggregate sentence of four years of probation is excessive, as he "had a Prior Record Score of 0, incurred no bench

warrants or new arrests through the life of the case and abided by the terms of bail for more than one year." ***Id.*** Appellant preserved this claim by raising it in his post-sentence motion and in his Rule 2119(f) concise statement. We must now determine whether Appellant's claim presents a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." ***Cook***, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McKiel***, 629 A.2d 1012, 1013 (Pa. Super. 1993); ***Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. ***Goggins***, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** at 727 (emphasis omitted).

Appellant's claim essentially contends that his sentence is excessive because the trial court failed to consider certain mitigating circumstances. Under our precedent, Appellant's claim presents a substantial question, thus permitting our review. ***See Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) ("an excessive sentence claim – in conjunction with an

assertion that the court failed to consider mitigating factors – raises a substantial question").[2]

We have explained:

> sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Crork*, 966 A.2d 585, 590 (Pa. Super. 2009) (quotations and citations omitted).

Appellant claims that the trial court failed to adequately consider the fact that his prior record score was zero, that he incurred no new arrests during the pendency of his case, and that he "abided by the terms of bail for more than one year." *See* Appellant's Brief at 3. This claim fails because, during Appellant's sentencing hearing, the trial court expressly stated that it considered the pre-sentence investigation report. *See* N.T. Sentencing, 7/21/20, at 4. Given this fact, we must "presume that the sentencing judge was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors."

---

[2] We note that we have also "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Eline*, 940 A.2d 421, 435 (Pa. Super. 2007) (quotations, citations, and corrections omitted); *see also Commonwealth v. Radecki*, 180 A.3d 441, 469 (Pa. Super. 2018) (collecting cases). Nevertheless, in light of our conflicting precedent, we will review the merits of Appellant's discretionary aspects of sentencing claim.

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). Moreover, during sentencing, the trial court expressly stated that Appellant's prior record score was zero and Appellant's counsel reiterated that Appellant "incurred no bench warrants throughout the life of this case, no new arrests[,] . . . [and Appellant] did not in any way violate the terms and conditions of his bail." N.T. Sentencing, 7/21/20, at 3 and 7.

Simply stated, there is no evidence to rebut the presumption that "the sentencing judge was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." ***Devers***, 546 A.2d at 18. Thus, Appellant's claim on appeal fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/21